UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GENEVA HAWTHORNE | CIVIL ACTION |
| VERSUS | NUMBER: 18-4644 |
| TULANE HOSPITAL AND CLINIC, ET AL. | SECTION: I (1) |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Geneva Hawthorne filed the above-captioned matter in this Court in which she asserts a claim for medical malpractice resulting in the death of her son against Tulane Hospital and Clinic, Dr. Jessica Debord, Dr. Anish J. Patel, Dr. Eric Simon, Dr. Sidney Longwell, Dr. Gabriel Fette, Dr. Brenda Lee, Dr. Kristeen Batmen, Dr. Muhammed Ahg, and Dr. Carol Bitar. She alleges that the defendants failed to initiate machine dialysis based on a nephrology consultation from a prior hospitalization and discharged the patient without verifying the effectiveness of diuretics.

For the following reasons, it is RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right the plaintiff may have to file her complaint in state court.

Procedural Background

On May 9, 2018, this Court granted plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court further ordered the Clerk of Court to withhold summons in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. The Court ordered plaintiff to file a written statement of her position regarding this Court's subject-matter jurisdiction by June

1

13, 2018, and warned that her failure to respond would result in dismissal of her complaint for lack of subject-matter jurisdiction. Plaintiff has not filed a written statement in response to this Court's order.

## Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters under §1915; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989)

Furthermore, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331. Ms. Hawthorne asserts a claim for medical malpractice that allegedly resulted in the death of her son one week after he was discharged from the hospital. This is a state law claim.

A federal court has jurisdiction to consider state law claims where the complaint satisfies the requirements of 28 U.S.C. § 1332. In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern*, 511 F.2d at 654.

The address provided by the plaintiff indicates that she resides in New Orleans, Louisiana. Although the Complaint does not allege the citizenship of the Defendants, Plaintiff has provided a New Orleans, Louisiana address for each of the doctors and the Tulane University Hospital and Clinic. Thus, it appears that the Defendants are citizens of Louisiana. The Plaintiff has been given an opportunity to contest this observation, but has failed to do so. Because both the Plaintiff and

the Defendants are citizens of Louisiana, this Court cannot assert diversity jurisdiction over the matter.

## Conclusion

For the foregoing reasons, Plaintiff's complaint fails to establish this Court's subject-matter jurisdiction. Accordingly, IT IS RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right the plaintiff may have to file her complaint in state court.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of June, 2018.

_____
Janis van Meerveld
United States Magistrate Judge